Hamutal G. Lieberman, Esq. (HG9798)
Helbraun & Levey LLP
40 Fulton Street, 28 Fl.
New York, New York 10038
*Attorney for Plaintiff*
*Flat Rate Movers, LTD.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FLAT RATE MOVERS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> WAGNER LLC dba URBAN FLAT RATE, <br><br> Defendant. | Civil Action No.: 1:26-cv-2831 <br><br> **COMPLAINT** <br><br> **DEAMND FOR JURY TRIAL** |

Plaintiff Flat Rate Movers, Ltd. ("Flat Rate" or "Plaintiff") by its attorneys, Helbraun & Levey, LLP, for its Complaint against Defendant WAGNER LLC dba URBAN FLAT RATE ("Defendant"), alleges as follows:

**PRELIMINARY STATEMENT**

1.      This action arises from Defendant's deliberate and unauthorized use of a mark that is identical or confusingly similar to Plaintiff's federally registered, incontestable, and nationally recognized trademark in connection with the marketing, promotion, and sale of competing goods and services. Plaintiff's trademark is widely known and has achieved substantial fame and distinctiveness throughout the United States as a result of extensive advertising, sales, and consumer recognition. Because Plaintiff's registration has achieved incontestable status under 15 U.S.C. § 1065, Defendant cannot legitimately argue that the mark is merely descriptive or otherwise invalid.

1

2.	This is an action for trademark infringement of a federally registered mark under Section 32 of the Lanham Act, 15 U.S.C. § 1114, unfair competition and false designation of origin under 15 U.S.C. § 1125(a), federal trademark dilution under 15 U.S.C. § 1125(c), trademark dilution under New York General Business Law § 360-l, and common law trademark infringement, arising from Defendant's unauthorized use of a mark that is identical or confusingly similar to Plaintiff's federally registered and famous trademark. Plaintiff also asserts claims for deceptive acts and practices under New York General Business Law § 349 and unjust enrichment. Plaintiff seeks permanent injunctive relief, monetary damages, and all other relief available under law.

3.	Plaintiff has invested significant time, resources, and effort in developing and promoting its trademark, which has become synonymous with quality and reliability in its field. Defendant, with knowledge of Plaintiff's rights, intentionally adopted and used a confusingly similar mark in commerce without authorization, with the willful intent to trade on Plaintiff's goodwill and reputation. Defendant's conduct constitutes bad faith and deliberate infringement aimed at creating confusion among consumers and diverting sales and goodwill from Plaintiff.

4.	As a result of Defendant's actions, consumers are likely to be confused or deceived as to the source, sponsorship, or affiliation of Defendant's goods and services, and the distinctive quality of Plaintiff's mark has been and will continue to be diluted. Defendant's conduct further constitutes unfair competition, deceptive acts and practices, and unjust enrichment under applicable federal and New York law.

5.	Plaintiff brings this action to stop Defendant's unlawful conduct, prevent further irreparable harm to Plaintiff and the consuming public, and obtain appropriate relief, including permanent injunctive relief, damages, and all other remedies available under law. Plaintiff is

entitled to enhanced remedies under the Lanham Act due to Defendant's willful and bad faith infringement.

## PARTIES

6.     Plaintiff Flat Rate Movers, Ltd. is a corporation organized under the laws of the State of New York, having a principal place of business located at 27 Bruckner Blvd., Bronx, NY 10454.

7.     Plaintiff owns all right, title, and interest in the federally registered trademark FLAT RATE. MOVING, Registration No 2910322, registered on the Principal Register and incontestable under 15 U.S.C. § 1065.

8.     Upon information and belief, Defendant WAGNER LLC dba URBAN FLAT RATE is an entity organized under the laws of the State of Massachusetts having a principal place of business located at 36 North Road, Sudbury, MA 01776.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims arise under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(c). The Court has supplemental jurisdiction over Plaintiff's state law claims, including claims under New York General Business Law §§ 349 and 360-l and common law causes of action, pursuant to 28 U.S.C. § 1367.

10.     Defendant is subject to personal jurisdiction in this District pursuant to New York's long-arm statute, N.Y. C.P.L.R. § 302(a) and the Due Process Clause of the United States Constitution. Defendant has intentionally directed its business activities toward New York, including offering, advertising, promoting, and selling goods and services under a mark that is

3

identical or confusingly similar to Plaintiff's federally registered trademark. Defendant's infringing and dilutive activities have caused and continue to cause harm to Plaintiff and consumers in New York. By committing these acts, Defendant has purposefully availed itself of the privilege of conducting business in New York and reasonably should anticipate being haled into court in this State.

11.    Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including Defendant's infringement, unfair competition, and dilution of Plaintiff's trademark in New York, and because Plaintiff maintains its principal place of business in this District.

**FACTS PERTAINING TO ALL CLAIMS**

*Plaintiff's Ownership of the Trademark*

12.    Since March 27, 1991, Plaintiff began utilizing the trademark FLAT RATE. MOVING in connection with furniture moving and storage services. Plaintiff has continuously used the FLAT RATE. MOVING trademark in connection with these services since that date.

13.    Plaintiff has made substantial investment in advertising, marketing and promoting its services under its FLAT RATE. MOVING trademark since its initial use including online campaigns, social media, sponsorships, and public events, resulting in widespread recognition and goodwill nationwide. Plaintiff has been featured in dozens of publications advertising and promoting its services, including but not limited to: NEW YORK TIMES, NEW YORK MAGAZINE, DAILY NEWS, BEST COMPANY, WALL STREET JOURNAL, NEW YORKER, YAHOO!FINANCE, CBS NEWS, BUSINESS NEWS DAILY, WORTHY LIVING, BRICKUNDERGROUND, NEW YORK WEEKLY, COMMERCIAL OBSERVER, APARTMENT THERAPY and CHEDDAR. It has also won significant awards based on its exceptional services including the recently awarded 2025 Buyer's Choice Award from

4

the nationally known publication CONSUMERAFFAIRS for the moving company that delivers the "Best Overall Value". Further, Plaintiff utilizes its website, https://www.flatrate.com/, and its Instagram account, @flaterate_moving, to promote its brand and services.

14.    Plaintiff's services under the FLAT RATE. MOVING trademark have generated significant revenue, and the mark is widely known among consumers in the United States as a symbol of quality and reliability.

15.    As a result of such advertising, promotion and sales, Plaintiff's trademark FLAT RATE. MOVING has become distinctive to its customers and to members of the public well prior to the Defendant's intended or actual use of the infringing trademark FLAT RATE: TOP MOVING.

16.    To further protect its substantial rights in its company's name and brand, Plaintiff registered the trademark FLAT RATE. MOVING (Registration No. 2910322) in connection with furniture moving and storage services with the United States Patent and Trademark Office ("USPTO").

17.    Plaintiff's trademark FLAT RATE. MOVING has achieved incontestable status under 15 U.S.C. § 1065, Defendant cannot legitimately argue that the mark is merely descriptive or otherwise invalid.

*Defendant Willfully Infringes (and Continues to Infringe) Upon Plaintiff's Trademark Rights*

18.    Defendant began using a mark identical or confusingly similar to FLAT RATE. MOVING in connection with furniture moving and storage services in or around 2026.

19.    Specifically, Defendant started using the trademark "FLAT RATE: TOP MOVING" in its Google Ads. A copy of which is included as Exhibit A.

5

20.     Defendant was aware of Plaintiff's trademark prior to adopting its mark, including through public sales, advertising, and Plaintiff's federal registration, but intentionally and willfully adopted the mark to trade on Plaintiff's reputation and goodwill.

21.     Defendant markets and sells its services nationally, through online platforms, advertising, and in-person sales, directly competing with Plaintiff's services.

22.     Defendant's conduct is likely to cause confusion, mistake, or deception among consumers as to the source, sponsorship, or affiliation of the services.

23.     Defendant's use of the infringing mark also dilutes the distinctive quality of Plaintiff's famous mark by blurring and/or tarnishing it, reducing the uniqueness and commercial value of the mark.

24.     Defendant's conduct has caused and continues to cause irreparable harm to Plaintiff, including loss of sales, damage to reputation, and diminution of the value of the trademark.

25.     Defendant has been unjustly enriched by profiting from the use of an identical or confusingly similar mark to Plaintiff's mark without authorization, and equity demands restitution.

26.     Notwithstanding Plaintiff's rights in and to its FLAT RATE. MOVING trademark, and after Plaintiff was already utilizing its FLAT RATE. MOVING trademark, Defendant began using advertisements for furniture moving services under the infringing trademark FLAT RATE: TOP MOVING.

27.     Plaintiff's principals learned of Defendant's business operations and sent Defendant a cease-and-desist letter notifying Defendant of its preexisting trademark rights in the FLAT RATE. MOVING trademark demanding that Defendant cease all use under the infringing trademark FLAT RATE: TOP MOVING.

28.     However, Plaintiff's demands have been ignored and continue to be ignored to date clearly indicating Defendant's intentions to willfully infringe on Plaintiff's FLAT RATE. MOVING trademark.

29.     Evaluating both marks wholistically, there can be no mistake that the commercial impressions of the marks as well as the services are identical and that Defendant is flagrantly and willfully infringing on Plaintiff's registered trademark rights.

30.     As such, should Defendant be allowed to continue to use the infringing trademark, it is likely that Plaintiff's customers and members of the public will be confused, mistaken or deceived as to the origin and sponsorship of Defendant's services and mislead to believe that such services emanate from, are directly or indirectly sponsored, licensed or associated with Plaintiff's business and brand identity stemming from the FLAT RATE. MOVING trademark to the damage and detriment of Plaintiff and its reputation. Accordingly, Defendant's actions necessitated this lawsuit and must be stopped.

31.     Unless restrained by this Court, Defendant will continue its infringing, diluting, and unfair acts, causing further irreparable harm to Plaintiff and the consuming public.

**COUNT I**
**(Trademark Infringement, 15 U.S.C. § 1114)**

32.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 30 as if set forth at length herein.

33.     Plaintiff owns a valid and registered trademark.

34.     Plaintiff has neither approved of nor ever endorsed Defendant's use of the infringing trademark in conjunction with any services in commerce in connection with furniture moving and storage services.

35.     The infringing trademark is confusingly similar to Plaintiff's registered trademark FLAT RATE. MOVING.

36.     Defendant is currently using the infringing trademark in a manner that is likely to cause consumers to be confused, mistaken, or deceived about the origin of Defendant's services, and the affiliation, connection, or association between Plaintiff and Defendant's services.

37.     Defendant has intentionally and willfully used the infringing trademark in connection with the advertisement, promotion, sale, offering for sale, and distribution of its services, knowing that it did not have Plaintiff's permission or consent to do so.

38.     Defendant's unauthorized use of the infringing trademark  in connection with the advertisement, promotion, sale, offering for sale, and distribution of services constitutes Defendant's use of the infringing trademark in commerce.

39.     Defendant is unlawfully benefiting and profiting from the use of the infringing trademark by falsely creating the misperception and belief among consumers that Defendant's services originate from, are affiliated, connected, or associated with, and/or are endorsed, sponsored, or approved by Plaintiff when they are not.

40.     Defendant has misappropriated the goodwill from Plaintiff's trademark and misdirected that goodwill to Defendant's services that bear its infringing trademark.

41.     Defendant's acts constitute a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1114.

42.     As a direct and proximate result of the foregoing wrongful actions by Defendant, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its reputation and goodwill for which there is no adequate remedy at law.

8

43.     Defendant has made, and will likely continue to make, substantial profits and gains from its unlawful use of the infringing trademark, which it is not entitled to receive, whether in law or in equity.

44.     Plaintiff has no adequate remedy at law unless Defendant is permanently enjoined and restrained by the Court from using the infringing trademark in commerce.

45.     Plaintiff demands a permanent injunction against Defendant to enjoin and restrain it from any further use of the infringing trademark in commerce pursuant to 15 U.S.C. § 1116.

46.     Plaintiff also demands recovery of its damages from Defendant, including reasonable attorney's fees, as well as the profits that Defendant has earned from its unlawful and willful use of the infringing trademark, and any and all other damages that are just, equitable and proper pursuant to 15 U.S.C. § 1117.

## COUNT II
### (False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a))

47.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 45 as if set forth at length herein.

48.     Plaintiff owns a valid and registered trademark.

49.     Plaintiff has neither approved of nor ever endorsed Defendant's use of the infringing trademark in conjunction with any services in commerce in connection with furniture moving and storage services.

50.     The infringing trademark is confusingly similar to Plaintiff's registered trademark FLAT RATE. MOVING.

51.     Defendant is currently using the infringing trademark in a manner that is likely to cause consumers to be confused, mistaken, or deceived about the origin of Defendant's services, and the affiliation, connection, or association between Plaintiff and Defendant's services.

52.     Defendant has intentionally and willfully used the infringing trademark in connection with the advertisement, promotion, sale, offering for sale, and distribution of its services, knowing that it did not have Plaintiff's permission or consent to do so.

53.     Defendant's unauthorized use of the infringing trademark in connection with the advertisement, promotion, sale, offering for sale, and distribution of services constitutes Defendant's use of the infringing trademark in commerce.

54.     Defendant's use of a confusingly similar mark in connection with the advertisement, promotion, sale, offering for sale, and distribution of services constitutes false designation of origin and unfair competition.

55.     Defendant's acts constitute a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

56.     Plaintiff demands recovery of its damages from Defendant, including reasonable attorney's fees, as well as the profits that Defendant has earned from its unlawful and willful use of the infringing trademark, and any and all other damages that are just, equitable and proper pursuant to 15 U.S.C. § 1117.

## COUNT III
### (Federal Trademark Dilution, 15 U.S.C. § 1125(a))

57.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 55 as if set forth at length herein.

58.     Plaintiff owns a valid and registered trademark.

59.     Plaintiff has neither approved of nor ever endorsed Defendant's use of the infringing trademark in conjunction with any services in commerce in connection with furniture moving and storage services.

10

60.    The infringing trademark is confusingly similar to Plaintiff's registered trademark FLAT RATE. MOVING.

61.    Defendant is currently using the infringing trademark in a manner that is likely to cause consumers to be confused, mistaken, or deceived about the origin of Defendant's services, and the affiliation, connection, or association between Plaintiff and Defendant's services.

62.    Defendant has intentionally and willfully used the infringing trademark in connection with the advertisement, promotion, sale, offering for sale, and distribution of its services, knowing that it did not have Plaintiff's permission or consent to do so.

63.    Defendant's unauthorized use of the infringing trademark in connection with the advertisement, promotion, sale, offering for sale, and distribution of services constitutes Defendant's use of the infringing trademark in commerce.

64.    Plaintiff's mark is famous throughout the United States.

65.    Defendant's use of a confusingly similar mark is likely to dilute the distinctive quality of Plaintiff's famous mark by blurring and/or tarnishment.

66.    Defendant's acts constitute a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(c).

67.    Plaintiff has been and will continue to be damaged and is entitled to injunctive relief, damages, and all other relief pursuant to 15 U.S.C. §§ 1116 and 1117.

## COUNT IV
### (New York Trademark Dilution, N.Y. Gen. Bus. Law § 360-I)

68.    Plaintiff repeats and realleges the allegations in paragraphs 1 through 66 as if set forth at length herein.

69.     Plaintiff owns a valid and registered trademark.

70.     Plaintiff has neither approved of nor ever endorsed Defendant's use of the infringing trademark in conjunction with any services in commerce in connection with furniture moving and storage services.

71.     The infringing trademark is confusingly similar to Plaintiff's registered trademark FLAT RATE. MOVING.

72.     Defendant is currently using the infringing trademark in a manner that is likely to cause consumers to be confused, mistaken, or deceived about the origin of Defendant's services, and the affiliation, connection, or association between Plaintiff and Defendant's services.

73.     Defendant has intentionally and willfully used the infringing trademark in connection with the advertisement, promotion, sale, offering for sale, and distribution of its services, knowing that it did not have Plaintiff's permission or consent to do so.

74.     Defendant's unauthorized use of the infringing trademark  in connection with the advertisement, promotion, sale, offering for sale, and distribution of services constitutes Defendant's use of the infringing trademark in commerce.

75.     Plaintiff's mark is distinctive and has acquired substantial goodwill and recognition in New York.

76.     Defendant's use of a confusingly similar mark is likely to dilute Plaintiff's mark in violation of N.Y. Gen. Bus. Law § 360-I causing irreparable harm to the substantial goodwill and recognition it has built in its brand identity.

77.     Accordingly, Plaintiff has been and will continue to be damaged and is entitled to injunctive relief, damages, and all other relief that this Court deems just, equitable and fair.

**COUNT V**
**(Common Law Trademark Infringement, N.Y. Gen. Bus. Law § 360-o)**

12

78.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 41 as if set forth at length herein.

79.     Plaintiff owns a valid and enforceable common law trademark.

80.     Plaintiff has neither approved of nor ever endorsed Defendant's use of the infringing trademark in conjunction with any services in commerce in connection with furniture moving and storage services.

81.     The infringing trademark is confusingly similar to Plaintiff's common law trademark FLAT RATE. MOVING.

82.     Defendant is currently using the infringing trademark in a manner that is likely to cause consumers to be confused, mistaken, or deceived about the origin of Defendant's services, and the affiliation, connection, or association between Plaintiff and Defendant's services.

83.     Defendant has intentionally and willfully used the infringing trademark in connection with the advertisement, promotion, sale, offering for sale, and distribution of its services, knowing that it did not have Plaintiff's permission or consent to do so.

84.     Defendant's unauthorized use of the infringing trademark  in connection with the advertisement, promotion, sale, offering for sale, and distribution of services constitutes Defendant's use of the infringing trademark in commerce.

85.     Plaintiff's mark is distinctive and has acquired substantial goodwill and recognition in New York.

86.     Defendant's wrongful and willful acts have caused, and likely will continue to cause, confusion with Plaintiff's trademark, and thereby constitute trademark infringement in violation of Plaintiff's common law trademark rights.

87.      As the direct and proximate result of the foregoing wrongful and willful acts by Defendant, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its reputation and goodwill for which there is no adequate remedy at law.

88.      Defendant has made, and will likely continue to make, substantial profits and gains from its unlawful use of the infringing  trademark, which it is not entitled to receive, whether in law or in equity.

89.      Plaintiff has no adequate remedy at law unless Defendant is permanently enjoined and restrained by the Court from using the infringing  trademark in commerce in connection with restaurant services.

90.      Accordingly, Plaintiff demands a permanent injunction against Defendant to enjoin and restrain it from any further use of the infringing trademark  in commerce in connection with restaurant services.

91.      Plaintiff also demands recovery of its damages from Defendant, including reasonable attorney's fees, as well as the profits that Defendant has earned from its unlawful and willful use of the infringing trademark.

## COUNT VI
**(Deceptive Acts and Practices, N.Y. Gen. Bus. Law § 349)**

92.      Plaintiff repeats and realleges the allegations in paragraphs 1 through 90 as if set forth at length herein.

93.      Defendant has been and is engaged in deceptive acts and practices in the conduct of its business, trade or commerce, materially misleading consumers into falsely believing that its sale of services in connection with its infringing trademark  originates from, is authorized by, or affiliated with Plaintiff in violation of N.Y. Gen. Bus. Law § 349.

14

94. Defendant has made, and will continue to make, substantial profits and gains, which it is not entitled to receive, whether in law or in equity.

95. Defendant's unlawful and willful acts have damaged and will continue to damage Plaintiff.

96. Despite Plaintiff's repeated demands to cease use of the infringing trademark, Defendant intends to willfully continue its infringing act.

97. Plaintiff has been injured as a result of Defendant's violations of N.Y. Gen. Bus. Law § 349.

98. Plaintiff has no adequate remedy at law unless Defendant is permanently enjoined and restrained from pursuing such acts in the future.

99. Plaintiff demands a permanent injunction against Defendant to enjoin and restrain it from any further unlawful and willful use of the infringing trademark in commerce in connection with furniture moving and storage services.

100. Plaintiff also demands recovery of its damages from Defendant, including reasonable attorney's fees, as well as the profits that Defendant has earned from its unlawful and willful use of the infringing trademark.

## COUNT V
### (Unjust Enrichment)

101. Plaintiff repeats and realleges the allegations in paragraphs 1 through 99 as if set forth at length herein.

102. The acts complained of above and herein constitute Defendant's unjust enrichment at Plaintiff's expense and to its detriment.

103.    In equity and good conscious, Defendant should not be entitled to retain and benefit from the value of the time, effort, and money Plaintiff has invested into developing the goodwill and brand recognition associated with the FLAT RATE. MOVING trademark.

104.    Defendant's actions have damaged and will continue to damage Plaintiff.

105.    Accordingly, Plaintiff demands recovery of its damages from Defendant, including reasonable attorney's fees, as well as the profits that Defendant has earned from its unlawful and willful use of the infringing trademark.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

A. Awarding Plaintiff damages in an amount to be proven at trial and ordering Defendant to account to and pay to Plaintiff all profits realized by Defendant's wrongful acts in accordance with 15 U.S.C. § 1117, and directing that such profits and actual damages be trebled in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117;

B.  Awarding Plaintiff damages in an amount to be proven at trial and ordering Defendant to account to and pay to Plaintiff all profits realized by Defendant's wrongful acts in accordance with common law;

C. Awarding Plaintiff statutory damages, costs and attorneys' fees in an amount to be proven at trial;

D. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. §§ 1116(a) and 1125(a), N.Y. Gen. Bus. Law § 349, and the common law permanently restraining and enjoining Defendant, its officers, principals, agents, employees, and affiliates and all those persons or entities acting in concert or participation with it from:

1. Using, exploiting, or displaying the infringing trademark in any way and for any purpose, including for purposes of advertising or promoting any of Defendant's furniture moving and storage services now or in the future, without Plaintiff's written consent or permission.

2. Using or displaying the infringing trademark on any website, social media, print, physical signage, digital or any other method used to distribute information without Plaintiff's written consent or permission.

E. Ordering Defendant to file with this Court and to serve on Plaintiff within thirty (30) days after entry of the injunction a written report under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

F. Directing such other and further relief as the Court may deem appropriate to prevent consumers, the public, and the moving industry from deriving any erroneous impression that Plaintiff has endorsed, sponsored, or approved of any of Defendant's services in connection with its infringing trademark, or have been affiliated, connected, or associated with any of Defendant's services in connection with the FLAT RATE. MOVING trademark including the creation, design, advertising, or sale of any such restaurant services.

G. Awarding Plaintiff any punitive damages under applicable federal or state law, statute or rule.

H. Awarding Plaintiff its costs, attorney's fees, and expenses to the full extent provided for under federal or state law.

I. Awarding Plaintiff pre-judgment and post-judgment interest on any monetary award made part of the judgment against Defendant.

17

J. Awarding Plaintiff such additional and further relief as the Court deems just and proper.

Dated: March 16, 2026
      New York, New York

                                        Helbraun & Levey LLP

                                        By:    */s/ Hamutal G. Lieberman*
                                               Hamutal G. Lieberman, Esq. (HG9799)
                                               40 Fulton St., 28 Fl.
                                               New York, New York 10038
                                               Tel: (212) 219-1193
                                               Hamutal.Lieberman@helbraunlevey.com

                                        *Attorneys for Plaintiff*
                                        *Flat Rate Movers, LTD.*

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury.

Dated: New York, New York
      March 16, 2026

                                        Helbraun & Levey LLP

                                        By:    */s/ Hamutal G. Lieberman*
                                               Hamutal G. Lieberman, Esq. (HG9798)
                                               40 Fulton St., 28 Fl.
                                               New York, New York 10038
                                               Tel: (212) 219-1193
                                               Hamutal.Lieberman@helbraunlevey.com

                                        *Attorneys for Plaintiff*
                                        *Flat Rate Movers, LTD.*